Glen H. Chulsky
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 101
Fax: (877) 827-3394
glen@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JONATHAN WILLIAMS, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff(s),<br><br>　　　　　-against-<br><br>MIDLAND CREDIT MANAGEMENT, INC. and JOHN DOES 1-25,<br><br>　　　　　　　　Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.　　The mailing addresses of the parties to this action are:

JONATHAN WILLIAMS
46 B Legion Road
Oak Ridge, New Jersey 07438

MIDLAND CREDIT MANAGEMENT, INC.
2365 Northside Drive, Suite 300
San Diego, California 92108

**PRELIMINARY STATEMENT**

2.　　Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MCM") and JOHN DOES 1-25 their employees, agents and successors (collectively

"Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Oak Ridge, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. MCM maintains a location at 2365 Northside Drive, Suite 300, San Diego, California 92108.

8. MCM uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. MCM is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal

Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from MCM, in the form attached as Exhibit A, concerning a debt owned by MIDLAND FUNDING, LLC, which originated with CAPITAL ONE BANK (USA), N.A., and which included the alleged conduct and practices described herein. The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a

standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**)**.** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

 i. Whether the Defendants violated various provisions of the FDCPA;

 ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

 iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

 iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to July 26, 2018, Plaintiff allegedly incurred a financial obligation on a CAPITAL ONE BANK (USA), N.A. account ("CAPITAL ONE").

19. The CAPITAL ONE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the CAPITAL ONE obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The CAPITAL ONE obligation did not arise out of a transaction that was for non-personal use.

22. The CAPITAL ONE obligation did not arise out of a transaction that was for business use.

23. The CAPITAL ONE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. CAPITAL ONE and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. At some time prior to July 26, 2018, the CAPITAL ONE obligation of the Plaintiff was purchased by and/or sold to MIDLAND FUNDING, LLC ("MIDLAND FUNDING").

26. At the time the CAPITAL ONE obligation was purchased by and/or sold to MIDLAND FUNDING the CAPITAL ONE obligation was past due.

27. At the time the CAPITAL ONE obligation was purchased by and/or sold to MIDLAND FUNDING the CAPITAL ONE obligation was in default pursuant to the terms of the agreements creating the obligations and/or by operation of law.

28. On or before July 26, 2018, the CAPITAL ONE obligation was referred to MCM for the purpose of collection.

29. At the time the CAPITAL ONE obligation was referred to MCM the CAPITAL ONE obligation was past due.

30. At the time the CAPITAL ONE obligation was referred to MCM the CAPITAL ONE obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

31.     Defendants caused to be delivered to Plaintiff a letter dated July 26, 2018, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

32.     The July 26, 2018 letter was sent to Plaintiff in connection with the collection of the CAPITAL ONE obligation.

33.     The July 26, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34.     Upon receipt, Plaintiff read the July 26, 2018 letter.

35.     The July 26, 2018 letter stated in part:

> Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 282-2644. Pay online today at MCMPay.com.
>
> **Option 1: 40% OFF**
> Payment Due Date: 08-25-2018
> You Pay Only
> $194.50
>
> **Option 2: 20% OFF**
> First Payment Due Date: 08-25-2018
> 3 Monthly Payments of Only
> $86.44
>
> **Option 3: Monthly Payments As Low As:**
> † Call today to discuss your options and get more details.
> $50 per month†
>
> If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

36.     The July 26, 2018 letter also stated in part:

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. **Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau**. (emphasis added)

37.     The time period that collection items can remain on a person's credit history is limited by 15 U.S.C. § 1681c.

38. Pursuant to 15 U.S.C. § 1681c et seq., the time period is generally limited to 7 years ("7 year reporting period").

39. During that 7 year reporting period, creditors and other furnishers of credit information to credit bureaus must report accurate information, including whether a debt has been paid or not.

40. The 7 year reporting period allowed by 15 U.S.C. § 1681c et seq. on the CAPITAL ONE obligation had not expired by July 26, 2018.

41. The July 26, 2018 letter implied that while MCM would not report payment or non-payment of the CAPITAL ONE obligation to a credit bureau, it was still currently reporting other information regarding the CAPITAL ONE obligation to a credit bureau.

42. If MCM was not still furnishing information to the credit bureaus concerning the Plaintiff's CAPITAL ONE obligation, then it should have not implied that it was still supplying such information.

43. If Plaintiff accepted and completed any of the offers made by MCM in the July 26, 2018 while the 7 year reporting period was still in effect, MCM would be obligated to report that payment to a credit bureau.

44. MCM knew or should have known that its actions violated the FDCPA.

45. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

**POLICIES AND PRACTICES COMPLAINED OF**

46. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b) Communicating or threatening to communicate to any personcredit information which is known or which should be known to be false

(c) Using any false representation or deceptive means to collect or attempt to collect any debt; and

(d) Threatening to take an action that cannot legally be taken or that is not intended to be taken.

47. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

48. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

49. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

50. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

51. The July 26, 2018 letter would cause the least sophisticated consumer to believe that the obligation was still being reported to a credit bureau.

52. The July 26, 2018 letter would cause the least sophisticated consumer to believe that even though the obligation was being reported to a credit bureau, Defendant would not report to a credit bureau if a payment was made on the obligation.

53. Defendants' letter violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(5); § 1692e(8) and § 1692(10).

54. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

55. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with its communications to Plaintiff and others similarly situated.

56. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying and/or representing that while it would continue to report other information regarding the CAPITAL ONE obligation to a credit bureau, it would only not report payment or non-payment of the obligation to a credit bureau.

57. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

58. Section 1692e(8) of the FDCPA prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known to be false or should be known to be false.

59. Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known to be false or should be known to be false.

60. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

61. Defendants' conduct as described herein constitutes false representation or deceptive means to collect or attempt to collect any debt.

62. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

63. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

64. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

65. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

66. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

67. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 25, 2019         Respectfully submitted,

By:     *s/ Glen H Chulsky*
        Glen H. Chulsky, Esq. (NJ 042201998)
        CHULSKY KAPLAN, LLC
        280 Prospect Avenue, 6G
        Hackensack, New Jersey 07601
        Phone (877) 827-3395 ex 101
        Fax: (877) 827-3394
        glen@chulskykaplanlaw.com
        Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: July 25, 2019

*s/ Glen H Chulsky*
Glen H. Chulsky, Esq. (NJ 042201998)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 101
Fax: (877) 827-3394
glen@chulskykaplanlaw.com
Attorneys for Plaintiff

# EXHIBIT A

**mcm** Midland Credit Management, Inc.
2365 Northside Drive
Suite 300
San Diego, CA 92108

| | |
|---|---|
| Original Creditor | Capital One Bank (USA), N.A. |
| Original Account Number | ████████4548 |
| MCM Account Number | ███████2022 |
| Current Balance | $324.16 |
| Current Owner | Midland Funding LLC |

07-26-2018

Jonathan C Williams
46B Legion Rd
Oak Ridge, NJ 07438-9329

P13T267 001

You are pre-approved for a 40% discount!
Call (800) 282-2644

## Choose The Option That Works For You.

RE Capital One Bank (USA), N.A.

Dear Jonathan,

Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 282-2644. Pay online today at MCMPay.com.

**Option 1: 40% OFF**
Payment Due Date: 08-25-2018
You Pay Only $194.50

**Option 2: 20% OFF**
First Payment Due Date: 08-25-2018
3 Monthly Payments of Only $86.44

**Option 3: Monthly Payments As Low As:**
† Call today to discuss your options and get more details.
$50 per month†

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

*Tim Bolin*
Tim Bolin, Division Manager

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

### Benefits of Paying!

➢ Save up to $129.66

➢ Offer Expiration date: 08-25-2018

**CALL US TODAY!**
**(800) 282-2644**

We are not obligated to renew any offers provided.

Hours of Operation
Sun-Th: 5am-9pm PT;
Fri-Sat: 5am-4:30pm PT;

 **(800) 282-2644**

 MCMPay.com

 Midland Credit Management, Inc
P.O. Box 51319
Los Angeles, CA 90051-5619

PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION



| | |
|---|---|
| MCM Account Number | 8564782022 |
| Current Balance | $324.16 |
| Total Enclosed | $_____ . ____ |

Mail Payments to:
Midland Credit Management, Inc
P.O. Box 51319
Los Angeles, CA 90051-5619

**Manage Your Account Online**
MCMPay.com

**Important Payment Information**

Make checks payable to:
Midland Credit Management
Enter your MCM Account # on all payments

**(800) 282-2644**

se habla espanol
(888) 422-5178

12  8564782022  5  0019450  082518  9  201675593

B470  DOE7

**Important Disclosure Information:**

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**To report any inaccuracies or to dispute this debt, please call (800) 282-2644**
**Calls to and/or from this company may be monitored or recorded.**

## Basic Information

| | | | |
|---|---|---|---|
| Original Creditor | Capital One Bank (USA), N.A. | MCM Account Number | ▮2022 |
| Original Account Number | ▮4548 | Charge-Off Date | 01-06-2012 |
| Current Creditor *The sole owner of this debt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |

## Important Contact Information

| Send Payments to: | For disputes call (800) 282-2644 or write to: | Physical Payments for Colorado Residents: |
|---|---|---|
| Midland Credit Management, Inc<br>P.O. Box 51319<br>Los Angeles, CA 90051-5619 | Attn: Consumer Support Services<br>2365 Northside Drive<br>Suite 300<br>San Diego, CA 92108 | 80 Garden Center<br>Suite 3<br>Broomfield, CO 80020<br>Phone (303) 920-4763 |

If your payment method is a credit or debit card, it may be processed through our international card processor. Although our policy is to not charge consumers fees based upon their payment method, your card issuer may elect to do so due to the location of the card processor. If an international transaction fee has been charged by your card issuer, that fee is eligible for reimbursement. You may contact your Account Manager to modify your payment method to avoid these charges in the future and for information to initiate your reimbursement.

We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:

**NMLS ID: 934164**

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:** This collection agency is licensed by the Minnesota Department of Commerce.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777, #111895, and #112039. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

PRODA